UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FARON GORDON, ) | |
| Plaintiff, ) | Case No. 2:16-cv-01065-JAD-NJK |
| ) | **ORDER** |
| vs. ) | |
| ADULT SUPERSTORE, ) | |
| Defendant. ) | |

  Plaintiff is proceeding in this action *pro se*, and submitted documents in an effort to initiate this case on May 11, 2016. Docket No. 1. Plaintiff has not, however, submitted the required filing fee or requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. In order to proceed with his case, Plaintiff must either pay the filing fee or submit the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them.

  In addition, Plaintiff's complaint is filed on the Court's form complaint for 42 U.S.C. § 1983 cases, but appears not to allege a violation of 42 U.S.C. § 1983. *See* Docket No. 1 at 1-6. Further, Plaintiff's hand-written complaint is not sufficiently legible to enable the Court or any opposing party to fully understand it. *See* Local Rule 10-1 ("All handwriting shall be legible"). Plaintiff's complaint is therefore dismissed with leave to amend. Plaintiff is permitted to refile the complaint, but it must either be type-written or it must be hand-written legibly.

  Further, a properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as

true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570

Accordingly,

**IT IS ORDERED:**

1. Plaintiff shall either make the necessary arrangements to pay the filing fee, accompanied by a copy of this order, or file an Application to Proceed *in Forma Pauperis*.

2. The Clerk of the Court shall send Plaintiff a blank application form.

3. Plaintiff's complaint is dismissed with leave to amend. Plaintiff is permitted to refile the complaint, but it must either be type-written or it must be hand-written legibly.

4. Plaintiff will have until **June 16, 2016**, to file an Amended Complaint. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

IT IS SO ORDERED.

Dated: May 16, 2016.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE